■ In the Matter of JESUS FUENTES, Appellant, v KAREN FUENTES, Respondent. [772 NYS2d 560]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Willen, J.), entered August 1, 1996, which, after a hearing, inter alia, granted the mother's cross petition for custody of the parties' three children and, in effect, denied his petition for custody.

Ordered that the order is affirmed, without costs or disbursements.

The best interests of the child are the paramount consideration in making any award of custody (see *Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]; *Matter of Ellen K. v John K.*, 186 AD2d 656, 657 [1992]). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings (see *Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]), which "will not be disturbed unless they lack a sound and substantial basis in the record" (*Kuncman v Kuncman*, 188 AD2d 517, 518 [1992]). Contrary to the appellant's contentions, the Family Court's determination has a sound and substantial basis.

The appellant's contention that he was deprived of his right to counsel at the custody hearing is without merit. After the appellant discharged his Legal Aid attorney, the Family Court urged him to seek new counsel a full 2½ months before the hearing. The appellant failed to do so. On the first day of the hearing, the appellant was afforded another opportunity to apply for Legal Aid, but he refused to answer questions regarding his employment and financial status. The hearing was held on four separate days over a period of more than five months, yet there is no indication that the appellant made any effort to obtain counsel during that time. The appellant was given ample opportunity to present evidence and he participated fully in the examination of the witnesses. Under the circumstances, we find no error (see *Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003]; *Iadicicco v Iadicicco*, 270 AD2d 721, 722-723 [2000]; *Matter of Denise A.A. v David A.A.*, 237 AD2d 680, 681-682 [1997]).

Finally, as the Law Guardian correctly points out, the issues raised on this appeal are largely academic, as the appellant is currently serving a cumulative prison sentence of 39⅚ to 82 years, pursuant to a judgment of conviction rendered July 30, 1998 (as modified by this Court), which has since become final (see *People v Fuentes*, 290 AD2d 563 [2002], *lv denied* 98 NY2d 710 [2002], *cert denied* 537 US 1201 [2003]). During his period

of incarceration, the appellant would be "clearly incapable of fulfilling the obligations of a custodial parent" (*Matter of Depuy-Wade v Wade,* 298 AD2d 655, 656 [2002]), and it is clear that the appellant's youngest son will have reached the age of majority well before any possibility of the appellant's release. Ritter, J.P., S. Miller, Goldstein and Adams, JJ., concur.