■ In the Matter of DINAH PICOT, Respondent, v ROVAN BARRETT, Appellant. [777 NYS2d 698]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Queens County (Richroath, J.), dated May 12, 2003, which, after a hearing, granted the mother's petition for sole custody of the subject child, limited his visitation to the State of New York, and denied his application for permission to relocate with the child to Georgia.

Ordered that the order is affirmed, with costs.

The best interests of the child are the paramount consideration in making any award of custody (*see Friederwitzer v Friederwitzer*, 55 NY2d 89, 94 [1982]). Because any custody determination necessarily depends to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded the hearing court's findings (*see*

*Eschbach v Eschbach*, 56 NY2d 167, 174 [1982]), which will not be disturbed unless they lack a sound and substantial basis in the record (*see Matter of Fuentes v Fuentes*, 5 AD3d 484 [2004]). Contrary to the father's contentions, the Family Court's determination has a sound and substantial basis.

The father contends that the Family Court failed to consider all the relevant factors and relied too heavily on the testimony of the court-appointed psychologist. Recommendations of persons such as the court-appointed psychologist and law guardian are not determinative of the ultimate issue in controversy but are factors to be considered, unless unsupported by the record (*see Young v Young*, 212 AD2d 114, 118 [1995]). The psychologist and Law Guardian agreed that it was in the best interests of the child that the mother have sole legal custody. Their recommendations were supported by the record and, therefore, were properly considered by the Family Court. Contrary to the father's contention, "Family Court was not guided simply by these recommendations, but assessed a host of relevant factors detailed in the record, each of which is germane to an examination of the totality of the circumstances and a reasoned resolution of the issue" (*Matter of Bates v Bates*, 290 AD2d 732, 733 [2002]).

The father's contention that the Family Court erred in failing to conduct an in camera interview of the then four- or five-year-old child is unpreserved for appellate review (*see Matter of Rudy v Mazzetti*, 5 AD3d 777 [2004]; *Matter of Nielsen v Nielsen*, 225 AD2d 1050 [1996]; *Matter of Newton v Newton*, 210 AD2d 337 [1994]). In any event, this contention is without merit. The decision to conduct an in camera interview of a child involved in a custody proceeding is a matter committed to the sound discretion of the Family Court (*cf. Matter of Lincoln v Lincoln*, 24 NY2d 270, 273-274 [1969]). Where, as here, the child is of a very young age, and neither the parties nor the Law Guardian requested an in camera interview, the Family Court's determination not to conduct such interview was a provident exercise of discretion (*see Matter of Rudy v Mazzetti, supra; Matter of Thompson v Thompson*, 267 AD2d 516, 519 [1999]; *Matter of Farnham v Farnham*, 252 AD2d 675, 677 [1998]).

The father's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Rivera, JJ., concur.