■ In the Matter of NIKKI DESROCHES, Respondent, v BRIAN DESROCHES, Appellant. [864 NYS2d 551]—

In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Rockland County (Warren, J.), entered October 5, 2007, which, after a hearing, awarded custody of the parties' children to the mother.

Ordered that the order is affirmed, without costs or disbursements.

Custody matters are within the sound discretion of the Family Court, whose findings should be accorded great deference on appeal since it is in the best position to evaluate the testimony, character, and sincerity of the parties. Thus, the Family Court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Allain v Allain,* 35 AD3d 513, 513-514 [2006]; *Matter of Perez v Montanez,* 31 AD3d 565, 565-566 [2006]; *Matter of Morse v Mignone,* 240 AD2d 583 [1997]; *Matter of Canazon v Canazon,* 215 AD2d 652 [1995]). Here, the award of custody to the mother is supported by a sound and substantial basis in the record which included the testimony of the parents, grandmothers, and other witnesses, and home study reports from the States of New York and Florida.

In a child custody proceeding, the appointment of an attorney for a child is within the discretion of the Family Court (*see* Family Ct Act § 249; *Richard D. v Wendy P.,* 47 NY2d 943, 944 [1979]; *Matter of Fallon v Fallon,* 4 AD3d 426, 427 [2004]; *Matter of Smith v DiFusco,* 282 AD2d 753 [2001]; *Matter of Walker v Tallman,* 256 AD2d 1021, 1022 [1998]; *Matter of Farnham v Farnham,* 252 AD2d 675, 677 [1998]). Under the circumstances

of this case, the Family Court providently exercised its discretion in not appointing an attorney for the children (*see Richard D. v Wendy P.,* 47 NY2d 943, 944-945 [1979]).

The essential consideration in making an award of custody is the best interests of the children (*see Friederwitzer v Friederwitzer,* 55 NY2d 89, 95 [1982]; *Mohen v Mohen,* 53 AD3d 471 [2008]; *Matter of Perez v Martinez,* 52 AD3d 518, 519 [2008]). The decision to conduct in camera interviews to determine the best interests of the children in a custody dispute is also within the discretion of the trial court (*see Matter of Lincoln v Lincoln,* 24 NY2d 270, 273-274 [1969]; *Matter of Galanos v Galanos,* 28 AD3d 554, 555 [2006]; *Matter of Picot v Barrett,* 8 AD3d 288, 289 [2004]; *Matter of Walker v Tallman,* 256 AD2d 1021 [1998]). Where, as here, the children were of a very young age and the parties did not request in camera interviews with them, the Family Court providently exercised its discretion in not conducting such interviews (*see Matter of Picot v Barrett,* 8 AD3d 288, 289 [2004]). Mastro, J.P., Skelos, Covello and Leventhal, JJ., concur.