Matter of Formica v Fariello (2020 NY Slip Op 04942)





Matter of Formica v Fariello


2020 NY Slip Op 04942


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2019-10711
 (Index No. 80031/2019)

[*1]In the Matter of William Formica, etc., appellant,
v
Thomas Fariello, etc., et al., respondents.


John Z. Marangos, Staten Island, NY, for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Claude S. Platton and Scott Shorr of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of Thomas Fariello, Acting Commissioner of the New York City Department of Buildings, dated March 12, 2019. The determination adopted the amended report and recommendations of an Administrative Law Judge dated March 11, 2019, made after a hearing, finding that the petitioner violated Administrative Code of the City of New York § 28-401.19(6) and (11) and Rules of City of New York Department of Environmental Protection (15 RCNY) former § 48-04, and revoked his general contractor and construction superintendent registrations.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of a determination of the Acting Commissioner of the New York City Department of Buildings, which adopted the amended report and recommendations of an Administrative Law Judge, made after a hearing, finding that the petitioner violated Administrative Code of the City of New York § 28-401.19(6) and (11) and Rules of City of New York Department of Environmental Protection (15 RCNY) former § 48-04, and revoked his general contractor and construction superintendent registrations.
Judicial review of an administrative determination made after a hearing required by law is limited to whether the determination is supported by substantial evidence (see CPLR 7803[4]; 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 179-180; Matter of Fortuna v City of White Plains, 170 AD3d 1011, 1012). "Substantial evidence means more than a mere scintilla of evidence,' and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273). "The courts may not weigh the evidence or reject the choice made by [an agency] where the evidence is conflicting and room for choice exists" (Matter of Berenhaus v Ward, 70 NY2d 436, 444 [internal quotation marks omitted]).
Contrary to the petitioner's contention, the determination under review was supported by substantial evidence (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d at 181; Matter of Loiacono v Demarzo, 72 AD3d 969, 970). There is no basis to disturb the credibility determinations of the administrative law judge (see Matter of Malak v State of New York, 116 AD3d 587, 588).
ROMAN, J.P., COHEN, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court