Matter of Whitehead v Lamanna (2020 NY Slip Op 07075)





Matter of Whitehead v Lamanna


2020 NY Slip Op 07075


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
JOSEPH J. MALTESE
PAUL WOOTEN, JJ.


2019-07872
 (Index No. 2263/18)

[*1]In the Matter of Norman Whitehead, petitioner,
v
Jamie Lamanna, etc., respondent.


Norman Whitehead, Stormville, NY, petitioner pro se.
Letitia James, Attorney General, New York, NY (Anisha S. Dasgupta and David Lawrence III of counsel), for respondent.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Superintendent of the Green Haven Correctional Facility dated July 23, 2018. The determination affirmed a determination of a hearing officer dated July 11, 2018, made after a tier II disciplinary hearing, finding the petitioner guilty of violating prison disciplinary rules 106.10, 107.10, 114.10, and 180.13 (7 NYCRR 270.2[B][7][i]; [8][i]; [15][i]; [26][iv]), and imposing penalties.
ADJUDGED that the determination dated July 23, 2018, is confirmed, the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.
After a tier II disciplinary hearing, a hearing officer found the petitioner guilty of violating four prison disciplinary rules. The petitioner commenced this proceeding pursuant to CPLR article 78 to review a determination of the respondent affirming the hearing officer's determination. In an order dated April 30, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
The hearing officer did not err in denying the petitioner's request to call witnesses who were not present during the incident that gave rise to the charges and who therefore could not have provided relevant testimony (see Matter of Santiago v Capra, 170 AD3d 1180, 1182).
Contrary to the petitioner's contentions that the hearing officer was biased and his guilt was predetermined, "[t]he record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer" (Matter of Phillips v Lee, 115 AD3d 957, 958).
The determination that the petitioner was guilty of the charges was supported by substantial evidence (see Matter of Foster v Coughlin, 76 NY2d 964, 966).
MASTRO, J.P., MILLER, MALTESE and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court