Matter of Sekul v City of Poughkeepsie (2021 NY Slip Op 03458)





Matter of Sekul v City of Poughkeepsie


2021 NY Slip Op 03458


Decided on June 2, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 2, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2019-01712
 (Index No. 53237/18)

[*1]In the Matter of Christopher Sekul, petitioner,
v
City of Poughkeepsie, et al., respondents.


Tully Rinckey PLLC, New York, NY (Allen A. Shoikhetbrod and Nicholas A. Devyatkin of counsel), for petitioner.
Drake Loeb PLLC, New Windsor, NY (Nicholas A. Pascale of counsel), for respondents.



DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the respondent Marc Nelson, City Administrator for the City of Poughkeepsie, dated June 15, 2018. The determination adopted the findings of a hearing officer dated May 27, 2018, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of insubordination, and terminated the petitioner's employment as a firefighter.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner was employed as a firefighter by the City of Poughkeepsie from approximately September 15, 2001, until his employment was terminated on June 15, 2018. On or about February 2, 2018, a notice of charges was filed against the petitioner, alleging that he had engaged in an act of insubordination when he failed to obey an order while actively engaged in fire suppression operations on January 3, 2018. The petitioner denied the charges.
At a hearing pursuant to Civil Service Law § 75, the petitioner and his captain provided sharply conflicting testimony as to what occurred on January 3, 2018. In an opinion and recommendation dated May 27, 2018, the hearing officer credited the captain's testimony, found that a preponderance of the credible evidence supported the conclusion that the petitioner was guilty of insubordination, and recommended that the petitioner be returned to the payroll without back pay, that he be suspended for a period of three months without pay, and that his employment be on a "last-chance basis" for a period of two years.
In a letter dated May 31, 2018, the respondent Marc Nelson, City Administrator for the City of Poughkeepsie (hereinafter the City Administrator), sent a letter to the petitioner, informing him that his prior disciplinary record would be considered in setting the penalty to be imposed. Attached to this letter were the disciplinary records being considered. On or about June 11, 2018, the petitioner responded to this letter.
In a determination dated June 15, 2018, the City Administrator adopted the findings [*2]of the hearing officer that the petitioner was guilty of insubordination on January 3, 2018, and found that the petitioner was incorrigible, based upon that incident, as well as a review of the petitioner's prior disciplinary record. The City Administrator further determined that the appropriate penalty was termination of the petitioner's employment with the City.
On October 15, 2018, the petitioner commenced this proceeding pursuant to CPLR article 78 to review the City Administrator's determination, arguing, among other things, that the findings of insubordination were not supported by substantial evidence. In an order dated February 14, 2019, the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7804(g).
Contrary to the petitioner's contentions, he was provided the appropriate due process in this matter (see Matter of Attard v Kampe, 95 AD3d 1005, 1006). It is undisputed that the petitioner was given access to his disciplinary record and was allowed to submit a written response offering mitigating circumstances (see Matter of Bigelow v Board of Trustees of Inc. Vil. of Gouverneur, 63 NY2d 470). Further, the City Administrator did not rely on unestablished allegations when considering the petitioner's penalty (cf. Matter of Lee v Board of Educ. of Pelham Union Free School Dist., 90 AD2d 775), as the evidence in the record indicates that the petitioner had prior knowledge of all unusual occurrence reports in his disciplinary records and had waived his rights as to the matter that he claimed was never settled or adjudicated.
In a proceeding pursuant to CPLR article 78, judicial review of factual findings made by an administrative agency following an evidentiary hearing is limited to consideration of whether the findings are supported by substantial evidence (see CPLR 7803[4]; Matter of Haug v State Univ. of N.Y. at Potsdam, 32 NY3d 1044, 1045; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231). "Substantial evidence means more than a 'mere scintilla of evidence,' and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Solano v City of Mount Vernon, 108 AD3d 676, 677, quoting Matter of Stork Rest. v Boland, 282 NY 256, 273; see Matter of Formica v Fariello, 186 AD3d 1365, 1366). "Where there is conflicting testimony and questions of credibility, the reviewing court may not weigh the evidence or reject the administrative agency's determination of credibility" (Matter of Abdelrahman v New York State Liq. Auth., 209 AD2d 405, 406; see Matter of Berenhaus v Ward, 70 NY2d 436, 444).
Here, the hearing officer resolved the issue of credibility as between the two witnesses, and we discern no basis to disturb that determination (see Matter of Fernandez v Rodriguez, 180 AD3d 897, 898). Accordingly, the finding that the petitioner was guilty of insubordination on January 3, 2018, was supported by substantial evidence in the record.
"A court may set aside an administrative penalty only if it is so disproportionate to the offense as to be shocking to one's sense of fairness" (Matter of Harris v City of Poughkeepsie, 162 AD3d 663, 665; see Matter of Waldren v Town of Islip, 6 NY3d 735, 736). "[A] result is shocking to one's sense of fairness if the sanction imposed is so grave in its impact on the individual subjected to it that it is disproportionate to the misconduct, incompetence, failure or turpitude of the individual, or to the harm or risk of harm to the agency or institution, or to the public generally visited or threatened by the derelictions of the individuals" (Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d at 234; see Matter of Ottley v New York City Hous. Auth., 106 AD3d 741, 744). "That reasonable minds might disagree over what the proper penalty should have been does not provide a basis for . . . refashioning the penalty" (City School Dist. of the City of N.Y v McGraham, 17 NY3d 917, 920; see Matter of Bolt v New York City Dept. of Educ., 30 NY3d 1065, 1068).
Under the circumstances presented here, the penalty of termination of the petitioner's employment with the City was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Tomczak v Board of Educ., Eastchester Union Free Sch. Dist., 144 AD3d 1165, 1166; Matter of Truss v Westchester County Health Care Corp., 301 AD2d 607, 608).
The petitioner's remaining contention is without merit.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
MASTRO, J.P., RIVERA, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court