Matter of Garrick v Simon (2021 NY Slip Op 05124)





Matter of Garrick v Simon


2021 NY Slip Op 05124


Decided on September 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
FRANCESCA E. CONNOLLY
JOSEPH A. ZAYAS
DEBORAH A. DOWLING, JJ.


2020-09617
 (Docket Nos. V-15348-17, V-18625-17)

[*1]In the Matter of Marcos A. Garrick, Jr., appellant,
v
Zakiya Kerina Simon, respondent. (Proceeding No. 1)
In the Matter of Zakiya Kerina Simon, respondent, v Marcos A. Garrick, Jr., appellant. (Proceeding No. 2)


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Mary Katherine Brown, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Lisa J. Friederwitzer, J.), dated December 2, 2020. The order, after a hearing, granted the mother's petition for sole legal and residential custody of the parties' child and, in effect, denied the father's petition for sole legal and residential custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Olea v Diaz, 194 AD3d 721; Matter of Pitkanen v Huscher, 167 AD3d 901; Matter of Klein v Theus, 143 AD3d 984, 985). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Supangkat v Torres, 101 AD3d 889, 890; Matter of Reyes v Polanco, 83 AD3d 849, 850). Here, the Family Court's determination that the best interests of the parties' child would be served by awarding sole legal and residential custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Murphy v Lewis, 149 AD3d 748, 749; Matter of Goodman v Jones, 146 AD3d 884, 886; Matter of McPherson v McPherson, 139 AD3d 953, 954).
The father's contention that the Family Court should have ordered a forensic evaluation is unpreserved for appellate review and, in any event, without merit, as the record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination [*2](see Matter of Siegell v Iqbal, 181 AD3d 951, 952; Matter of Quinones v Quinones, 139 AD3d 1072, 1074).
The father's remaining contentions are unpreserved for appellate review.
CHAMBERS, J.P., CONNOLLY, ZAYAS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court