Matter of Shepherd v Shepherd (2022 NY Slip Op 04517)

Matter of Shepherd v Shepherd

2022 NY Slip Op 04517

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, NEMOYER, WINSLOW, AND BANNISTER, JJ.

586 CAF 21-01129

[*1]IN THE MATTER OF ERIN M. SHEPHERD, PETITIONER-RESPONDENT-APPELLANT,
v
THAD A. SHEPHERD, JR., RESPONDENT-PETITIONER-RESPONDENT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR PETITIONER-RESPONDENT-APPELLANT. 
KAMAN BERLOVE LLP, ROCHESTER (GARY MULDOON OF COUNSEL), FOR RESPONDENT-PETITIONER-RESPONDENT. 
ANDREW G. MORABITO, EAST ROCHESTER, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Wayne County (Richard M. Healy, J.), entered June 24, 2021 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted respondent-petitioner sole legal custody of the subject children. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, inter alia, effectively granted the cross petition of respondent-petitioner father insofar as the cross petition sought sole custody of the parties' two minor children. We affirm. The mother's contention that Family Court should have ordered a forensic evaluation for consideration in the analysis of the best interests of the children is unpreserved for our review (see Matter of Garrick v Simon, 197 AD3d 1316, 1316-1317 [2d Dept 2021]; see also Matter of Canfield v McCree, 90 AD3d 1653, 1654 [4th Dept 2011]).
We reject the mother's further contention that the court erred in granting the father sole custody of the subject children. "[A] court's determination regarding custody . . . issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight" (Matter of Saunders v Stull, 133 AD3d 1383, 1383 [4th Dept 2015] [internal quotation marks omitted]), and such a determination "will not be disturbed as long as it is supported by a sound and substantial basis in the record" (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]). Here, the court's custody determination is supported by a sound and substantial basis in the record (see Matter of Benson v Smith, 178 AD3d 1430, 1431 [4th Dept 2019]). Contrary to the mother's contention, joint custody was not appropriate given the parties' acrimonious relationship (see id.).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court