Matter of Pacheco v Maldonado (2023 NY Slip Op 05735)

Matter of Pacheco v Maldonado

2023 NY Slip Op 05735

Decided on November 15, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
HELEN VOUTSINAS
LAURENCE L. LOVE, JJ.

2022-07936
 (Docket Nos. V-1675-21, V-2819-22, V-3378-22)

[*1]In the Matter of Carmen C. Pacheco, respondent,
v
Luis A. Maldonado, appellant. (Proceeding No. 1.)
In the Matter of Luis A. Maldonado, appellant,
v
Carmen C. Pacheco, respondent. (Proceeding No. 2.)

Larry S. Bachner, New York, NY, for appellant.
Steven C. Bernstein, Brooklyn, NY, for respondent.
Leighton M. Jackson, New York, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Jane C. Tully, J.), dated September 2, 2022. The order, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child and denied the father's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother, who were never married, are the parents of a child born in 2017. In February 2022, the father filed a petition for sole legal and physical custody of the child, and in March 2022, the mother filed a petition for sole legal and physical custody of the child. After a hearing, the Family Court granted the mother's petition and denied the father's petition. The father appeals.
"The paramount consideration in any custody dispute is the best interests of the child" (Matter of Khan v Potdar, 185 AD3d 822, 822-823; see Eschbach v Eschbach, 56 NY2d 167, 171). "The determination of the child's best interests is to be made based on all the relevant circumstances" (Matter of Cassissa v Solares, 176 AD3d 697, 698 [internal quotation marks omitted]). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a [*2]sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
Here, the Family Court's determination that it was in the best interests of the child for the mother to be awarded sole legal and physical custody is supported by a sound and substantial basis in the record (see Phillips v Phillips, 183 AD3d 772, 774). Accepting the court's credibility determinations, the evidence at the hearing established that the mother, who had been the primary caregiver for most of the child's life, was better suited to promote stability in the child's life and was the parent most likely to foster the other parent's relationship with the child (see Matter of Vidal v Taneja, 218 AD3d 594, 595; Matter of Chung v Toppin, 209 AD3d 647, 648-649; Matter of Merchan v Hoyos, 199 AD3d 919, 919). The child initially resided with both parents, with the mother acting as the primary caretaker. In October 2019, the father moved out of the apartment. Thereafter, the parties alternated weekly custody of the child until November 2020, when the father joined the Army Reserve. He served in the Army Reserve until July 2021, leaving the child in the mother's custody. After the father returned to New York in July 2021, the mother offered him extended parenting time with the child to compensate for the time that he had been away in the Army Reserve. Although the parties agreed that the father would facilitate the child's video visits with the mother and the child's half-sister during the father's extended parenting time, the father refused to do so, ignoring both the mother's and the half-sister's many calls to the father.
The father's contention that the Family Court erred in failing to conduct an in camera interview with the then five-year-old child is unpreserved for appellate review (see Matter of Picot v Barrett, 8 AD3d 288; Matter of Rudy v Mazzetti, 5 AD3d 777). The father's further contention that the court erred in failing to order a forensic evaluation is likewise unpreserved for appellate review (see Matter of Garrick v Simon, 197 AD3d 1316). In any event, the contentions are without merit. The decision to conduct an in camera interview of a child involved in a custody proceeding is a matter committed the sound discretion of the Family Court (see Matter of Desroches v Desroches, 54 AD3d 1035; Matter of Picot v Barrett, 8 AD3d 288). Where, as here, the child is of a very young age, and neither of the parties nor the child's attorney requested an in camera interview, the court's determination not to conduct such an interview was a provident exercise of discretion (see Matter of Desroches v Desroches, 54 AD3d 1035; Matter of Picot v Barrett, 8 AD3d 288; Matter of Rudy v Mazzetti, 5 AD3d 777). Further, the record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination (see Matter of Garrick v Simon, 197 AD3d 1316; Matter of Timothy F. v Melissa V., 172 AD3d 454; Matter of Rhodie v Nathan, 67 AD3d 687).
DUFFY, J.P., CHAMBERS, VOUTSINAS and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court