Matter of Correra v Millwood Fire Dist. (2025 NY Slip Op 02587)

Matter of Correra v Millwood Fire Dist.

2025 NY Slip Op 02587

Decided on April 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2022-06969
 (Index No. 59594/22)

[*1]In the Matter of Robert Correra, petitioner,
v
Millwood Fire District, et al., respondents.

Gould & Berg, LLP, White Plains, NY (Jane Bilus Gould of counsel), for petitioner.
Pinsky Law Group, LLC, Syracuse, NY (Bradley M. Pinsky of counsel), for respondents.

DECISION & JUDGMENT
Proceeding pursuant to CPLR article 78 to review a determination of the Millwood Fire District dated January 17, 2022. The determination adopted the findings of a hearing officer dated January 5, 2022, made after a hearing pursuant to Civil Service Law § 75, that the petitioner was guilty of a charge of misconduct and a charge of misconduct and insubordination, and terminated the petitioner's membership as a volunteer firefighter with the Millwood Fire District.
ADJUDGED that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.
The petitioner served as a volunteer firefighter with the respondent Millwood Fire District (hereinafter the District) beginning in 2003. Following a physical examination in 2020, which was required by the District to clear members for operational positions, the District suspended the petitioner's operational privileges and charged him with misconduct. The District alleged, inter alia, that the petitioner provided false information regarding his failure to disclose his designation by the Workers' Compensation Board as "permanently, partially disabled" on a form in connection with the 2020 physical examination. A disciplinary hearing pursuant to Civil Service Law § 75 was held on October 28, 2021. At the hearing, the District brought a second charge against the petitioner, alleging misconduct and insubordination, for improperly obtaining a physical examination while his operational privileges were suspended and for failing to provide a medical provider with the current job performance requirements for a firefighter.
In a report and recommendation dated January 5, 2022, the hearing officer found the petitioner guilty of both charges and recommended termination of the petitioner's membership as a volunteer firefighter with the District. On January 17, 2022, the District adopted the findings of the hearing officer and terminated the petitioner's membership. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to review the District's determination, and the Supreme Court transferred the proceeding to this Court pursuant to CPLR 7803(g).
Generally, "judicial review of an administrative determination made after a hearing required by law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Lipani v New York State Div. of Human Rights, 56 [*2]AD3d 560, 560; see CPLR 7803[4]). Substantial evidence "means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180; see Matter of Ciganik v New York City Off. of Admin. Trials & Hearings, 224 AD3d 898, 899). Here, substantial evidence in the record supports the determination that the petitioner was guilty of misconduct and insubordination (see Matter of Guarnieri v County of Rockland, 226 AD3d 1018, 1019-1020; Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 625). The record demonstrates, among other things, that the petitioner knowingly provided false answers on his medical questionnaire regarding his failure to disclose his designation as permanently, partially disabled by the Workers' Compensation Board and improperly obtained a medical examination when his operational privileges were suspended and failed to provide the medical provider with the current job performance requirements for a firefighter.
In light of the fact that the petitioner, inter alia, knowingly made false statements on a medical questionnaire regarding his physical condition, which, under the circumstances, demonstrated a disregard for the safety of other firefighters and the general public, the penalty of termination was not so disproportionate to the offense as to be shocking to one's sense of fairness (see Matter of Rutkunas v Stout, 8 NY3d 897, 898; Matter of Kurot v East Rockaway Fire Dept., 61 AD3d 760, 761; Matter of Loscuito v Scoppetta, 50 AD3d 905, 906).
The petitioner's remaining contentions are without merit.
Accordingly, we confirm the determination, deny the petition, and dismiss the proceeding on the merits.
DILLON, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court