Matter of Gleason v Ireland (2025 NY Slip Op 04008)

Matter of Gleason v Ireland

2025 NY Slip Op 04008

Decided on July 2, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 2, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
LAURENCE L. LOVE, JJ.

2023-09364
 (Docket Nos. V-3719-21, O-912-23)

[*1]In the Matter of Kevin R. Gleason, respondent,
v
Hope M. Ireland, appellant. (Proceeding No. 1)
In the Matter of Hope M. Ireland, appellant,Kevin R. Gleason, respondent. (Proceeding No. 2)

Kelley M. Enderley, Poughkeepsie, NY, for appellant.
Theoni Stamos-Salotto, Hopewell Junction, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act articles 6 and 8, the mother appeals from an order of the Family Court, Dutchess County (Denise M. Watson, J.), dated September 21, 2023. The order, insofar as appealed from, after a hearing, awarded the parties joint legal custody of the parties' child and awarded the father sole physical custody of the child with certain parental access to the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The parties, who were never married, are the parents of one child born in 2014. From April to September 2021, the mother allegedly moved with the child from New York to Maine without the father's consent. In December 2022, the father was awarded temporary physical custody of the child, and the child has resided in New York with the father since that time. In an order dated September 21, 2023, made after a hearing, the Family Court, inter alia, awarded the parties joint legal custody of the child and awarded the father sole physical custody of the child with certain parental access to the mother. The mother appeals.
"'The paramount consideration in any custody dispute is the best interests of the child'" (Matter of Pacheco v Maldonado, 221 AD3d 822, 822, quoting Matter of Khan v Potdar, 185 AD3d 822, 822-823). "'The determination of the child's best interests is to be made based on all the relevant circumstances'" (Matter of Chung v Toppin, 209 AD3d 647, 648, quoting Matter of Cassissa v Solares, 176 AD3d 697, 698). "In determining the child's best interests, the court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Rosenstock v Rosenstock, 162 AD3d 702, 703, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049; see Goikhman v Biton, 183 AD3d 704, 705).
Contrary to the mother's contention, the Family Court's determination that it was in the best interests of the child for the father to be awarded sole physical custody is supported by a sound and substantial basis in the record (see Matter of Chung v Toppin, 209 AD3d at 648; Matter of Cassissa v Solares, 176 AD3d at 698). Accepting the court's credibility determinations, the evidence at the hearing established that the father was better suited to promote stability in the child's life than the mother, and that the father was the parent most likely to foster the other parent's relationship with the child (see Matter of Merchan v Hoyos, 199 AD3d 919, 920-921).
The mother's contention that the Family Court erred in failing to conduct an in camera interview with the then eight-year-old child is unpreserved for appellate review (see Matter of Pacheco v Maldonado, 221 AD3d at 823; Matter of Picot v Barrett, 8 AD3d 288, 289). In any event, the mother's contention is without merit. The decision to conduct an in camera interview with a child involved in a custody proceeding is a matter committed to the sound discretion of the Family Court (see Matter of Pacheco v Maldonado, 221 AD3d at 824; Matter of Desroches v Desroches, 54 AD3d 1035). Where, as here, the child is of a young age, and neither the parties nor the child's attorney requested an in camera interview, the court's determination not to conduct such an interview was a provident exercise of discretion (see Matter of Pacheco v Maldonado, 221 AD3d at 824; Matter of Desroches v Desroches, 54 AD3d at 1036; Matter of Picot v Barrett, 8 AD3d at 289).
The mother's remaining contentions are without merit.
Accordingly, the Family Court properly awarded the parties joint legal custody of the child and awarded the father sole physical custody of the child with certain parental access to the mother.
CHAMBERS, J.P., WOOTEN, DOWLING and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court