Matter of Goldstein v Village of Mamaroneck Bd. of Ethics (2025 NY Slip Op 05950)

Matter of Goldstein v Village of Mamaroneck Bd. of Ethics

2025 NY Slip Op 05950

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
ROBERT J. MILLER
HELEN VOUTSINAS
DONNA-MARIE E. GOLIA, JJ.

2021-04742 DECISION, ORDER & JUDGMENT
 (Index No. 54409/20)

[*1]In the Matter of Cynthia Greer Goldstein, petitioner/appellant, 
v
Village of Mamaroneck Board of Ethics, et al., respondents/respondents.

Leventhal, Mullaney & Blinkoff, LLP, Roslyn, NY (Steven G. Leventhal of counsel), for petitioner/appellant.
Abrams Fensterman, LLP, White Plains, NY (Robert A. Spolzino, Mark Goreczny, and Lisa Colosi Florio of counsel), for respondents/respondents Village of Mamaroneck Board of Ethics and Incorporated Village of Mamaroneck.
Sive Paget & Riesel P.C., New York, NY (Adam Stolorow of counsel), for respondent/respondent Village of Mamaroneck Board of Trustees.

Hybrid proceeding pursuant to CPLR article 78 to review a determination of the Village of Mamaroneck Board of Ethics dated November 29, 2019, made after a hearing, that the petitioner/plaintiff violated Code of the Village of Mamaroneck former § 21-4(C) and (N), and action for a judgment declaring that Code of the Village of Mamaroneck former § 21-4(C)(1) is unconstitutionally vague, which proceeding was transferred to this Court by order of the Supreme Court, Westchester County (Robert A. Neary, J.), entered June 24, 2021, and appeal by the petitioner/plaintiff from so much of the order as directed that the petitioner/plaintiff is not entitled to a judgment declaring that Code of the Village of Mamaroneck former § 21-4(C)(1) is unconstitutionally vague.
ORDERED that on the Court's own motion, the notice of appeal is deemed to be an application for leave to appeal, and leave to appeal is granted (see CPLR 5701[c]); and it is further,
ORDERED that the order is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Westchester County, for the entry of an appropriate judgment, inter alia, declaring that Code of the Village of Mamaroneck former § 21-4(C)(1) is not unconstitutionally vague; and it is further,
ADJUDGED that the determination of the Village of Mamaroneck Board of Ethics is confirmed, the petition is denied, and the proceeding is dismissed on the merits; and it is further,
ORDERED that one bill of costs is awarded to the respondents/defendants.
The petitioner/plaintiff (hereinafter the petitioner) is a member of the Village of Mamaroneck Planning Board (hereinafter the Planning Board). In 2019, the Village of Mamaroneck [*2]Board of Ethics (hereinafter the BOE) served the petitioner with a notice of proceedings, alleging that she had violated multiple provisions of the Village of Mamaroneck Code of Ethics (see Code of the Village of Mamaroneck [hereinafter Village Code] ch 21) by failing to disclose an interest in, and participating in, the Planning Board's consideration of a development project at 203 Hommocks Road. In a second notice of proceedings, the BOE alleged that the petitioner had violated multiple provisions of the Village of Mamaroneck Code of Ethics by failing to disclose her interest in, and participating in, the Planning Board's consideration of a different development project, known as the Hampshire development project. After a hearing pursuant to Village Code former § 21-14, the BOE determined that the petitioner had violated Village Code former § 21-4(C) and (N) with respect to both the 203 Hommocks Road project and the Hampshire development project.
Thereafter, the petitioner commenced this hybrid proceeding pursuant to CPLR article 78 to review the BOE's determination and action for a judgment declaring that Village Code former § 21-4(C)(1) is unconstitutionally vague. In an order entered June 24, 2021, the Supreme Court determined that Village Code former § 21-4(C)(1) is not unconstitutionally vague and transferred the proceeding to this Court pursuant to CPLR 7804(g) for determination. The petitioner appeals from so much of the order as determined that Village Code former § 21-4(C)(1) is not unconstitutionally vague.
"'A statute, or a regulation, is unconstitutionally vague if it fails to provide a person of ordinary intelligence with a reasonable opportunity to know what is prohibited, and it is written in a manner that permits or encourages arbitrary or discriminatory enforcement'" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d 56, 63-64, quoting Ulster Home Care v Vacco, 96 NY2d 505, 509; see Matter of R.M. v C.M., 226 AD3d 153, 163). "Courts use a two-part test to determine whether a statute or regulation is unconstitutionally vague" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 64; see Matter of CRP Sanitation, Inc. v Solid Waste Commn. of County of Westchester, 86 AD3d 608, 610). "First, [t]o ensure that no person is punished for conduct not reasonably understood to be prohibited, the court must determine whether the statute in question is sufficiently definite to give a person of ordinary intelligence fair notice that [the person's] contemplated conduct is forbidden" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 64 [internal quotation marks omitted]; see Matter of State of New York v Spencer D., 96 AD3d 768, 769). "Second, the court must determine whether the enactment provides officials with clear standards for enforcement so as to avoid resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application" (Matter of Independent Ins. Agents & Brokers of N.Y., Inc. v New York State Dept. of Fin. Servs., 39 NY3d at 64 [internal quotation marks omitted]; see Police Benevolent Assn. of the City of New York, Inc. v City of New York, 40 NY3d 417, 427).
Village Code former § 21-4(C)(1) provides that a member of a Village board "shall promptly recuse himself/herself from acting on a matter before the Village when acting on the matter, or failing to act on the matter, may benefit the persons listed in [Village Code] § 21-4A, financially or otherwise, or give the reasonable appearance of a conflict of interest or impropriety." The complained of term, appearance of impropriety, is found throughout ethics codes (see 22 NYCRR 100.2, 100.4) and has been invoked by courts in a myriad of circumstances (see Matter of Sims [State Commn. on Jud. Conduct], 61 NY2d 349, 358; Matter of Counties of Warren & Washington, Indus. Dev. Agency v Village of Hudson Falls Bd. of Health, 168 AD2d 847, 849; Letizia v Letizia, 117 AD2d 587, 587). Thus, the term appearance of impropriety is "defined by judicial construction or [is] commonly used in other statutes without further definition" (41 Kew Gardens Rd. Assoc. v Tyburski, 70 NY2d 325, 336). Further, the listed general prohibitions provide context as to what actions may be improper, which indicates that the statute is not vague, and the statute sets forth a standard for commencement of a proceeding, thus "avoiding any arbitrary and discriminatory enforcement" (Matter of R.M. v C.M., 226 AD3d at 163 [internal quotation marks omitted]). Accordingly, the Supreme Court properly determined that Village Code former § 21-4(C)(1) is not unconstitutionally vague.
"Judicial review of an administrative determination made after a hearing required by [*3]law, and at which evidence was taken, is limited to whether that determination is supported by substantial evidence" (Matter of Cruz v New York City Off. of Admin. Trials & Hearings, 236 AD3d 651, 653 [internal quotation marks omitted]; see CPLR 7803[4]; Matter of Call-A-Head Portable Toilets, Inc. v New York State Dept. of Envtl. Conservation, 213 AD3d 842, 844). "Substantial evidence means more than a mere scintilla of evidence, and the test of whether substantial evidence exists in a record is one of rationality, taking into account all the evidence on both sides" (Matter of Sekul v City of Poughkeepsie, 195 AD3d 622, 624 [internal quotation marks omitted]; see Matter of Formica v Fariello, 186 AD3d 1365, 1366). "When there is conflicting evidence or different inferences may be drawn, the duty of weighing the evidence and making the choice rests solely upon the [administrative agency]. The courts may not weigh the evidence or reject the choice made by [such agency] where the evidence is conflicting and room for choice exists" (Matter of Diner v New York City Dept. of Hous. Preserv. & Dev., 237 AD3d 1200, 1201 [internal quotation marks omitted]; see Matter of Black v Molina, 234 AD3d 848, 849). "[T]he substantial evidence standard demands only that a given inference is reasonable and plausible, not necessarily the most probable" (Matter of Ciganik v New York City Off. of Admin. Trials & Hearings, 224 AD3d 898, 900 [internal quotation marks omitted]; see Matter of Lisa v New York State Dept. of Motor Vehs., 233 AD3d 870, 872).
Here, contrary to the petitioner's contention, the BOE's determination that she violated Village Code former § 21-4(C) and (N) is supported by substantial evidence. The evidence submitted during the hearing established that, with respect to both the 203 Hommocks Road project and the Hampshire development project, the petitioner's involvement in those matters gave rise to the reasonable appearance of a conflict of interest or appearance of impropriety, and the petitioner should have recused herself from the matters pursuant to Village Code former § 21-4(C) (see Matter of Titan Concrete, Inc. v Town of Kent, 202 AD3d 972, 975; Matter of Noonan v Chong, 186 AD3d 713, 714). Moreover, the petitioner's proximity to those projects, and that the petitioner would be affected by the construction impacts of the projects, required the petitioner to make disclosures on the record to the Village of Mamaroneck Board of Trustees at a regular public meeting pursuant to Village Code former § 21-4(N), which she failed to do.
Further, the petitioner was not deprived of her due process rights due to the presence of an individual on the BOE that she alleged was biased against her. The record demonstrates that the hearing was conducted in a fair and impartial manner and that the determination was not the result of any alleged bias on the part of the hearing officer (see Matter of Whitehead v Lamanna, 188 AD3d 1224, 1225; Matter of Noonan v Chong, 186 AD3d at 714-715).
The petitioner's remaining contention is without merit.
Since this is, in part, an action for a declaratory judgment, we remit the matter to the Supreme Court, Westchester County, for the entry of an appropriate judgment, inter alia, declaring that Village Code former § 21-4(C)(1) is not unconstitutionally vague (see Lanza v Wagner, 11 NY2d 317, 334).
IANNACCI, J.P., MILLER, VOUTSINAS and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court