Matter of Hercsky v Evans (2026 NY Slip Op 00129)

Matter of Hercsky v Evans

2026 NY Slip Op 00129

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
PAUL WOOTEN
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2024-00036
 (Docket Nos. V-16214-15/19B, V-16214-15/19D V-20020-15/19B, V-20020-15/19D)

[*1]In the Matter of Jeantov Hercsky, appellant,
vJacqueline Evans, respondent. (Proceeding No. 1.)
In the Matter of Jacqueline Evans, respondent,Jeantov Hercsky, appellant. (Proceeding No. 2.)

Darla A. Filiberto, Islandia, NY, for appellant.
Louis L. Sternberg, Hauppauge, NY, for respondent.
Laura C. Golightly, Islandia, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Matthew Hughes, J.), dated November 29, 2023. The order, insofar as appealed from, after a hearing, in effect, granted that branch of the mother's petition which was to modify a so-ordered stipulation of custody and parental access dated June 6, 2016, so as to award her sole legal and residential custody of the parties' child, and denied that branch of the father's petition which was to modify the so-ordered stipulation of custody and parental access so as to award him sole legal and residential custody of the child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother are the parents of one child, born in 2014. Pursuant to a so-ordered stipulation of custody and parental access dated June 6, 2016 (hereinafter the stipulation), the parties agreed, among other things, to share joint legal custody of the child, that the mother would have primary residential custody of the child, and that the father would have certain parental access with the child. The stipulation further provided that either party could seek a de novo determination of the custody and/or parental access provisions as of January 2019.
In March 2019, the father commenced a proceeding, inter alia, to modify the stipulation so as to award him sole legal and residential custody of the child. In October 2019, the mother commenced a proceeding, among other things, to modify the stipulation so as to award her sole legal and residential custody of the child. In an order dated November 29, 2023, after a hearing, the Family Court, inter alia, in effect, granted that branch of the mother's petition which was to modify the stipulation so as to award her sole legal and residential custody of the child and denied [*2]that branch of the father's petition which was to modify the stipulation so as to award him sole legal and residential custody of the child. The father appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Pollack v Slasten, 237 AD3d 720, 721; Matter of Rennie v Cooks, 195 AD3d 622). Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's exercise of its discretion will not be disturbed if supported by a sound and substantial basis in the record (see Matter of Garrick v Simon, 197 AD3d 1316, 1316; Matter of Rennie v Cooks, 195 AD3d at 622; Matter of Supangkat v Torres, 101 AD3d 889, 890). Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the mother has a sound and substantial basis in the record and will not be disturbed (see Matter of Garrick v Simon, 197 AD3d at 1316; Matter of Rennie v Cooks, 195 AD3d at 622; Matter of Murphy v Lewis, 149 AD3d 748, 749).
The mother's remaining contention is without merit.
IANNACCI, J.P., WOOTEN, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court