Matter of St. Sume v Herrera (2026 NY Slip Op 01521)

Matter of St. Sume v Herrera

2026 NY Slip Op 01521

Decided on March 18, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 18, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LOURDES M. VENTURA
DONNA-MARIE E. GOLIA, JJ.

2024-03306
 (Docket Nos. V-21049-17, V-21646-17, V-19760-18)

[*1]In the Matter of Marie D. St. Sume, appellant,
vRaling D. Herrera, respondent. (Proceeding No. 1)
In the Matter of Raling D. Herrera, respondent,
v Marie D. St. Sume, appellant. (Proceeding Nos. 2 and 3)

Richard L. Herzfeld, New York, NY, for appellant.
Diana Kelly, Jamaica, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the children.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Ben Darvil, Jr., J.), dated April 12, 2024. The order, after a hearing, granted the father's petitions for sole legal and physical custody of the subject children, denied the mother's petition for sole legal and physical custody of the parties' son, awarded the mother certain parental access, and did not provide for additional parental access during the summer months, school holidays and vacations, and legal holidays that do not fall on a Friday or Monday.
ORDERED that the order is modified, on the facts and as a matter of discretion, by adding thereto a provision awarding the mother additional parental access during the summer months, school holidays and vacations, and legal holidays that do not fall on a Friday or Monday; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Family Court, Kings County, for further proceedings in accordance herewith.
The parties, who were never married to each other, are the parents of a son and a daughter. In August 2017, the mother and father each separately filed petitions for sole legal and physical custody of the son. In August 2018, the father filed a petition for sole legal and physical custody of the daughter. In 2019, the Family Court, on consent, issued temporary orders of joint legal custody of the children to the parents, with temporary physical custody of the son to the father and temporary physical custody of the daughter to the mother. By order dated November 29, 2021, the court awarded temporary legal and physical custody of the children to the father. In an order dated April 12, 2024, after a hearing, the court granted the father's petitions, denied the mother's petition, awarded the mother certain parental access, and did not provide for additional parental [*2]access during the summer months, school holidays and vacations, and legal holidays that do not fall on a Friday or Monday. The mother appeals.
"[T]he court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Steward v Okon, 238 AD3d 1055, 1056 [internal quotation marks omitted]; see Matter of Acevedo v Cassidy, 236 AD3d 645, 646). "In determining an initial petition for child custody, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her [own] ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Steward v Okon, 238 AD3d at 1056-1057 [internal quotation marks omitted]; see Matter of Acevedo v Cassidy, 236 AD3d at 646-647). "Where allegations of domestic violence are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child" (Matter of Cassissa v Solares, 176 AD3d 697, 698 [internal quotation marks omitted]; see Matter of Steward v Okon, 238 AD3d at 1057).
Here, contrary to the mother's contention, the Family Court's determination that it was in the best interests of the children for the father to be awarded sole legal and physical custody of the children is supported by a sound and substantial basis in the record. Accepting the court's credibility determinations, the evidence at the hearing established that the father, who had been the primary caregiver for most of the children's lives, was better suited to promote stability in the children's lives and was the parent most likely to foster a relationship between the children and the noncustodial parent (see Matter of Navarro v Clarke, 232 AD3d 797, 798; Matter of Pacheco v Maldonado, 221 AD3d 822, 823).
The mother's contention that the Family Court erred in failing to conduct an in camera interview with the children is unpreserved for appellate review (see Matter of Gleason v Ireland, 240 AD3d 494, 496; Matter of Pacheco v Maldonado, 221 AD3d at 823). In any event, the mother's contention is without merit. The decision to conduct an in camera interview with a child involved in a custody proceeding is a matter committed to the sound discretion of the court (see Matter of Pacheco v Maldonado, 221 AD3d at 824; Matter of Desroches v Desroches, 54 AD3d 1035, 1036). Where, as here, the children are of a young age and neither the parties nor the attorney for the children requested an in camera interview, the court's determination not to conduct such an interview was a provident exercise of discretion (see Matter of Gleason v Ireland, 240 AD3d at 496; Matter of Desroches v Desroches, 54 AD3d at 1036).
The mother's further contention that the Family Court should have ordered a forensic evaluation is unpreserved for appellate review and, in any event, without merit, as the record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination (see Matter of Pacheco v Maldonado, 221 AD3d at 823; Matter of Garrick v Simon, 197 AD3d 1316, 1316-1317).
"Parental access is a joint right of the noncustodial parent and of the child" (Matter of Cuccia-Terranova v Terranova, 174 AD3d 528, 529 [internal quotation marks omitted]). "[I]n order for the noncustodial parent to develop a meaningful, nurturing relationship with the child, parental access must be frequent and regular" (Matter of Luke v Erskine, 222 AD3d 868, 870 [internal quotation marks omitted]). Therefore, absent extenuating circumstances, a court should establish a "parenting time schedule which ensure[s] that both the mother and the father . . . have [significant] quality time with the child when [he or] she is not in school" (Matter of Gibson v Greene, 152 AD3d 592, 593; see Matter of Kim v Becker, 223 AD3d 813, 815). Here, the order dated April 12, 2024, is silent with respect to the mother's parental access during the summer months, school holidays and vacations, and legal holidays that do not fall on a Friday or Monday. Given the parties' relationship, the court should have set forth a specific schedule of that parental access (see Matter of Haase v Jones, 230 AD3d 774, 780; Matter of Gregoire v Yadram, 177 AD3d 616, 619). Accordingly, we remit the matter to the Family Court, Kings County, for the issuance of an amended order setting forth a schedule of parental access during the summer months, school [*3]holidays and vacations, and legal holidays that do not fall on a Friday or Monday that is in the best interests of the children (see Matter of Rodriquez v Silva, 121 AD3d 794, 796; Gillis v Gillis, 113 AD3d 816, 817).
The mother's remaining contentions have been rendered academic by the terms set forth in the order dated April 12, 2024 (see Matter of Khan-Soleil v Rashad, 111 AD3d 728, 729; Matter of Heard v Ganaishlal, 52 AD3d 833, 834).
CONNOLLY, J.P., CHRISTOPHER, VENTURA and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court