In the Matter of Cary G. Realbuto, Respondent, v Christine Butta, Appellant. (Proceeding No. 1.) In the Matter of Christine Butta, Appellant, v Cary G. Realbuto, Respondent.

(Proceeding No. 2.) [21 NYS3d 690]—Appeals from (1) an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated August 4, 2014, and (2) a corrected order of that court dated November 5, 2014. The order and corrected order, insofar as appealed from, after a hearing, granted the father's petition for sole custody of the subject child and denied the mother's petition for sole custody of the subject child.

Ordered that the appeal from the order dated August 4, 2014, is dismissed, without costs or disbursements, as that order was superseded by the corrected order dated November 5, 2014; and it is further,

Ordered that the corrected order dated November 5, 2014, is affirmed insofar as appealed from, without costs or disbursements.

The mother and father were never married and have one child together. Each party filed a petition pursuant to Family Court Act article 6 for sole custody of the subject child. After a hearing, the Family Court, inter alia, granted the father's petition and denied the mother's petition.

In determining custody, the most important factor to be considered is the best interests of the child (*see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]; *Matter of Schyberg v Peterson*, 105 AD3d 857, 858 [2013]). Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance that the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the relative fitness of the respective parents (*see Eschbach v Eschbach*, 56 NY2d at 171-172). In addition, a court should consider the effect an award of custody to one parent might have on the child's relationship with the other parent (*id.*). As a custody determination necessarily depends to a great extent upon assessments of the credibility, character, temperament, and sincerity of the parties, the trial court's determination should not be disturbed unless it lacks a sound and substantial basis in the record (*see Cervera v Bressler*, 90 AD3d 803, 805 [2011]; *Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]; *Cuccurullo v Cuccurullo*, 21 AD3d 983, 984 [2005]).

Here, under the circumstances presented, the Family Court's determination granting the father's petition for sole custody of the subject child and denying the mother's petition for sole custody of the subject child has a sound and substantial basis in the record (*see Eschbach v Eschbach*, 56 NY2d at 171; *see also Matter of Marrero v Centeno*, 71 AD3d 771, 774 [2010];

*Matter of Horan v Framolaro*, 46 AD3d 891, 892 [2007]). Hall, J.P., Austin, Roman and Barros, JJ., concur.