■ In the Matter of Yoonsson V. Huaringa, Respondent, v Iris Camargo, Appellant. [30 NYS3d 252]—

Appeal from an order of the Family Court, Queens County (Dennis Lebwohl, J.), dated June 5, 2015. The order, insofar as appealed from, in effect, confirmed a report of a Referee (Francine Seiden, Ct. Atty. Ref.), in effect, recommending, after a hearing, that custody of the subject child be awarded to the father, with visitation to the mother.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (*Matter of Chamas v Carino*, 119 AD3d 564, 564 [2014] [internal quotation marks omitted]; *see Eschbach v Eschbach*, 56 NY2d 167, 171 [1982]). "Factors to be considered in determining the child's best interests include the quality of the home environment and the parental guidance that the custodial parent provides for the child, the ability of each parent to provide for the child's emotional and intellectual development, the financial status and ability of each parent to provide for the child, and the relative fitness of the respective parents," and "the effect an award of custody to one parent might have on the child's relationship with the other parent" (*Matter of Realbuto v Butta*, 134 AD3d 1041, 1042 [2015]; *see Matter of Elliott v Felder*, 69 AD3d 623, 623 [2010]). " 'Moreover, if domestic violence is proved, the court must consider its effects on the child' " (*Matter of Howard E.I. v Sandra I.*, 108 AD3d 715, 716 [2013], quoting *Matter of Supangkat v Torres*, 101 AD3d 889, 890 [2012]; *see Pierre-Paul v Boursiquot*, 74 AD3d 935, 936 [2010]). Since custody determinations rely "to a great extent upon an assessment of the character and credibility of the parties and witnesses, deference is accorded to the [trial] court's findings, which will not be disturbed unless lacking a sound and substantial basis in the record" (*Matter of Vasquez v Ortiz*, 77 AD3d 962, 962-963 [2010]).

Here, the mother failed to prove that the father had engaged in domestic violence (*see Matter of Howard E.I. v Sandra I.*,

108 AD3d at 716; *Pierre-Paul v Boursiquot*, 74 AD3d at 936). In addition, the testimony at the hearing demonstrated that, before custody was temporarily awarded to the father during the proceedings, the mother willfully interfered with the father's right to visitation by failing to make the child available for court-ordered visits (*see Matter of Vasquez v Ortiz*, 77 AD3d at 963). Since the father has had custody, he has consistently made the child available for the mother's visitation (*see Matter of DeViteri v Saldana*, 95 AD3d 1221, 1222 [2012]; *Matter of Gasby v Chung*, 88 AD3d 709, 710 [2011]). Other evidence adduced at the hearing established that the father has provided a suitable and stable home environment and that the child is thriving under his care (*see Matter of Chamas v Carino*, 119 AD3d at 565). Accordingly, the Family Court's determination that the child's best interests would be served by an award of custody to the father is supported by a sound and substantial basis in the record (*see Matter of Realbuto v Butta*, 134 AD3d at 1042; *Matter of Elliott v Felder*, 69 AD3d at 623). Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.