Matter of Cucciniello v D'Amato (2020 NY Slip Op 06781)





Matter of Cucciniello v D'Amato


2020 NY Slip Op 06781


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2019-01232
 (Docket Nos. V-649-18, V-2833-18)

[*1]Matter of Joseph P. Cucciniello, respondent,
v
Jennifer G. D'Amato, appellant. (Proceeding No. 1.)
Matter of Jennifer G. D'Amato, appellant,
v
Joseph P. Cucciniello, respondent. (Proceeding No. 2.)


William A. Sheeckutz, East Meadow, NY, for appellant.
Tini Law, P.C., Copiague, NY (Francesco P. Tini of counsel), for respondent.
Barry J. Fisher, Garden City, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant Family Court Act article 6, the mother appeals from an order of the Family Court, Nassau County (Danielle M. Peterson, J.), dated January 11, 2019. The order, after a hearing, granted the father's petition for sole custody of the parties' child, and, in effect, denied the mother's petition for sole custody of the child.
ORDERED that the order is affirmed, without costs or disbursements.
The parties are the parents of one child, born in 2011. The mother and the father were not married, but they lived together with their child until the child was approximately seven years old. In January 2018, the mother took the child to California without telling the father.
By order to show cause dated January 19, 2018, the father filed a petition for sole custody of the child. On April 2, 2018, the mother filed a petition for sole custody of the child. Following a hearing, the Family Court granted the father's petition and, inter alia, awarded him sole legal and residential custody of the child, and, in effect, denied the mother's petition. The mother appeals.
"The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Carr v Thomas, 169 AD3d 903, 903-904; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Klein v Theus, 143 AD3d 984, 985). "The factors to be considered in making a custody determination include 'the parental guidance provided by the custodial parent, each parent's ability to provide for the child's emotional and intellectual development, each parent's ability to provide for the child financially, the relative fitness of each parent, and the effect an award of custody to one parent might have on the child's relationship with the other parent'" (Matter of Maraj v Gordon, 102 AD3d 698, 698, quoting Craig v Williams-Craig, 61 AD3d 712, 712 [internal quotation marks omitted]; see Matter of [*2]Estrada v Palacios, 148 AD3d 804). "Where, as here, a complete evidentiary hearing has been held on the issue of custody, any determination depends to a great extent upon the hearing court's assessment of the credibility of the witnesses and of the character, temperament, and sincerity of the parties. The credibility findings of the Family Court will be accorded great weight and its determinations regarding custody and visitation will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Felty v Felty, 108 AD3d 705, 707 [citations omitted]; see Eschbach v Eschbach, 56 NY2d at 171; Matter of Crivelli v Tolento, 100 AD3d 884, 885).
Here, the Family Court's determination that the child's best interests would be served by awarding sole legal and residential custody to the father has a sound and substantial basis in the record and will not be disturbed (see Matter of Carr v Thomas, 169 AD3d at 904; Matter of Fargasch v Alves, 116 AD3d 774). Contrary to the mother's contention, the court providently exercised its discretion in not ordering forensic evaluations of all of the parties and the child prior to reaching its determination. The record does not indicate that such evaluations were necessary to enable the court to reach its determination (see McDonald v McDonald, 122 AD3d 911; Matter of Solovay v Solovay, 94 AD3d 898).
The mother's remaining contentions are without merit.
BALKIN, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court