Matter of McFarlane v Jones (2021 NY Slip Op 02392)





Matter of McFarlane v Jones


2021 NY Slip Op 02392


Decided on April 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-14175
 (Docket Nos. V-3789-18, V-29786-18)

[*1]In the Matter of Kadeem McFarlane, respondent,
v
Galissa Jones, appellant. (Proceeding No. 1.)
In the Matter of Galissa Jones, appellant,
v
Kadeem McFarlane, respondent. (Proceeding No. 2.)


Rhea G. Friedman, New York, NY, for appellant.
Joel Borenstein, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Ann O'Shea, J.), dated November 26, 2019. The order, after a hearing, in effect, granted the father's petition for sole legal and physical custody of the parties' child, in effect, denied the mother's petition for sole legal and physical custody of the parties' child, and awarded the mother certain parental access.
ORDERED that the order is affirmed, without costs or disbursements.
In February 2018, the father filed a petition for sole legal and physical custody of the parties' child, who was born in 2010. The parties were never married to each other. Thereafter, the mother filed a petition for sole legal and physical custody of the child. Following an eight-day hearing held over the span of several months, the Family Court awarded the father sole legal and physical custody of the child and awarded the mother specified parental access. The mother appeals.
The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Eckstein v Young, 176 AD3d 813, 814-815). "A court deciding an initial petition for child custody must determine what is in the child's best interests" based on all the relevant circumstances (id. at 815 [internal quotation marks omitted]). Factors relevant to the determination of custody include, but are not limited to: (1) which parent will best promote stability; (2) the nature of each home environment; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to provide for the child's emotional and intellectual development and overall well-being, to provide for the child financially, and to foster the child's relationship with the noncustodial parent; and (5) the child's desires (see Matter of Cucciniello v D'Amato, 188 AD3d 1051, 1052; [*2]Matter of Recher v Velez, 143 AD3d 828, 829). The court must also consider the effect any domestic violence allegation that is proven by a preponderance of the evidence may have upon the best interests of the child, along with all the other relevant factors (see Matter of Eckstein v Young, 176 AD3d at 815).
Here, the Family Court's finding that it was in the child's best interests for the father to be awarded sole legal and physical custody is supported by a sound and substantial basis in the record (see Matter of Cucciniello v D'Amato, 188 AD3d at 1052; Matter of Eckstein v Young, 176 AD3d at 814-815). Accepting the court's credibility determinations, the evidence showed, inter alia, that the father was better able to promote stability in the child's life and provide for the child's overall well-being, and that the father was more likely to foster the child's relationship with the mother than the mother would with respect to the child's relationship with the father (see Matter of Eckstein v Young, 176 AD3d at 814-815; Matter of Saylor v Bukowski, 170 AD3d 862, 863). Moreover, the court credited the father's testimony denying that he had committed acts of domestic violence against the mother and rejected the mother's explanation that those purported incidents of domestic violence were the reason that she repeatedly moved and transferred the child to new schools (see Matter of Eckstein v Young, 176 AD3d at 815).
Under the circumstances of this case, since the child expressed significant distress about attending an in camera interview with the Family Court, the court providently exercised its discretion in declining to proceed with the interview (see Matter of Arroyo v Agosta, 112 AD3d 920, 921).
The mother's remaining contentions are either without merit or not properly before this Court (see Matter of Quinones v Quinones, 139 AD3d 1072, 1074).
DILLON, J.P., HINDS-RADIX, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court