Matter of Merchan v Hoyos (2021 NY Slip Op 06357)





Matter of Merchan v Hoyos


2021 NY Slip Op 06357


Decided on November 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
COLLEEN D. DUFFY
BETSY BARROS
PAUL WOOTEN, JJ.


2020-02785
 (Docket No. V-18617-17)

[*1]In the Matter of Richard Loor Merchan, respondent,
v
Maribel Hoyos, appellant.


Carol Lipton, Brooklyn, NY, for appellant.
Jeffrey C. Bluth, New York, NY, for respondent.
Lewis S. Calderon, Jamaica, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Emily Ruben, J.), dated February 20, 2020. The order, insofar as appealed from, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The father and the mother, who were never married, are the parents of a daughter born in 2013. In September 2017, the father filed a petition pursuant to Family Court Act article 6 seeking sole legal and physical custody of the subject child. After a hearing, the Family Court, inter alia, awarded the father sole legal and physical custody of the child. The mother appeals.
The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Turcios v Cordero, 173 AD3d 1048, 1049). "In determining an initial petition for child custody, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Scott v Thompson, 166 AD3d 627, 628 [internal quotation marks omitted]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d at 1049).
Here, the Family Court's determination that it was in the best interests of the child for the father to be awarded sole legal and physical custody is supported by a sound and substantial basis in the record (see Matter of Rennie v Cooks, 195 AD3d 622). Accepting the court's credibility determinations, the evidence showed that the father, who was the primary caregiver for the child, [*2]was better suited to promote stability in the child's life than the mother, who missed a substantial portion of her scheduled visits with the child, and that the father was the parent most likely to foster the other parent's relationship with the child (see Matter of McFarlane v Jones, 193 AD3d 936, 937; Matter of Eckstein v Young, 176 AD3d 813, 815).
The mother's remaining contentions are either improperly raised for the first time on appeal or without merit.
AUSTIN, J.P., DUFFY, BARROS and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court