Matter of Paisley v Moonsammy (2023 NY Slip Op 01006)

Matter of Paisley v Moonsammy

2023 NY Slip Op 01006

Decided on February 22, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 22, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-06386
 (Docket No. V-14839-19)

[*1]In the Matter of Carland Paisley, respondent,
v
Khaleeda A. Moonsammy, appellant.

Marion C. Perry, Brooklyn, NY, for appellant.
Elliot Green, Brooklyn, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Judith Stern of counsel), attorney for the child.

DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an amended order of the Family Court, Kings County (Erik S. Pitchal, J.), dated August 12, 2021. The amended order, after a hearing, in effect, granted the father's petition for sole legal and physical custody of the parties' child, with parental access to the mother.
ORDERED that the amended order is affirmed, without costs or disbursements.
The father and the mother have one child together, born in 2016. In 2019, the father commenced this proceeding, seeking sole legal and physical custody of the child. In August 2021, after a hearing, the Family Court, in effect, granted the father's petition and awarded him sole legal and physical custody of the child, with parental access to the mother. The mother appeals.
"The credibility findings of the Family Court after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McFarlane v Jones, 193 AD3d 936, 936). "The court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Cucciniello v D'Amato, 188 AD3d 1051, 1052 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "Factors relevant to the determination of custody include, but are not limited to: (1) which parent will best promote stability; (2) the nature of each home environment; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to provide for the child's emotional and intellectual development and overall well-being, to provide for the child financially, and to foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of McFarlane v Jones, 193 AD3d at 936-937; see Matter of Cucciniello v D'Amato, 188 AD3d at 1052).
Here, the Family Court's custody determination has a sound and substantial basis in the record. The evidence presented at the custody hearing demonstrated that the father was the more consistently fit parent, as he was better able to promote stability, provide a stable and nurturing home [*2]environment, and provide for the child's well-being and development (see Matter of McFarlane v Jones, 193 AD3d at 937; Matter of Selliah v Penamente, 107 AD3d 1004, 1005; Matter of Yearwood v Yearwood, 90 AD3d 771, 774).
The mother's contention that the Family Court erred in failing to order a forensic evaluation is without merit. The mother did not request a forensic evaluation, and, in any event, the court had sufficient information before it to enable it to reach its determination (see Pettei v Pettei, 207 AD3d 670, 672).
BRATHWAITE NELSON, J.P., RIVERA, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court