Matter of Clarke v Clarke (2023 NY Slip Op 06366)

Matter of Clarke v Clarke

2023 NY Slip Op 06366

Decided on December 13, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 13, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2022-08737
2022-08738
 (Docket Nos. V-22974-18/18A, V-22974-18/19C, V-25126-18/18A)

[*1]In the Matter of Anthony Clarke, appellant,
v
Praeophayom Clarke, respondent. (Proceeding No. 1.)
In the Matter of Praeophayom Clarke, respondent,
v
Anthony Clarke, appellant. (Proceeding No. 2.)

Steven P. Forbes, Huntington, NY, for appellant.
The Law Office of Mark I. Plaine, P.C., Forest Hills, NY, for respondent.
Ronna L. DeLoe, Larchmont, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Queens County (Mildred T. Negron), dated September 8, 2022, and (2) an order of the same court, also dated September 8, 2022. The order, upon the decision, made after a hearing, granted the mother's petition to modify the custody provisions of the parties' judgment of divorce so as to award her sole legal and physical custody of the parties' child.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order is affirmed, without costs or disbursements. The parties are the parents of one child, born in 2016. By judgment of divorce dated March 9, 2017, the parties were awarded joint legal and physical custody of the child. In December 2018, the mother filed a petition to modify the custody provisions of the judgment of divorce so as to award her sole legal and physical custody of the child. After a hearing, by order dated September 8, 2022, the Family Court granted the mother's petition. The father appeals.
A Family Court's credibility findings after a hearing on the issue of custody "will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of McFarlane v Jones, 193 AD3d 936, 936). When making a custody determination, a court's "paramount concern" is "the best interests of the children, as determined upon a consideration of the totality of [*2]the circumstances" (Matter of Abraham v Etienne, 218 AD3d 771, 771 [internal quotation marks omitted]).
Contrary to the father's contention, the Family Court properly determined that continued joint legal and physical custody was not a viable option (see Matter of Lee v Fitts, 147 AD3d 1058, 1059). Moreover, the court's determination that it was in the child's best interests for the mother to be awarded sole legal and physical custody is supported by a sound and substantial basis in the record (see Matter of McFarlane v Jones, 193 AD3d at 936). Accepting the court's credibility determinations, the evidence presented at the hearing showed, inter alia, that the mother was better able to promote stability in the child's life, and that the mother was more likely to foster the child's relationship with the father than the father would with respect to the mother (see Matter of Eckstein v Young, 176 AD3d 813, 815). Given the child's young age, the court properly considered the child's preference, but gave it little weight in the court's ultimate determination (see Matter of Gayle v Muir, 211 AD3d 942, 944). Although a court should be reluctant to separate a child from his or her siblings (see Matter of Lightbody v Lightbody, 42 AD3d 537, 538), here, the child's need for stability outweighs the preference for her to remain with her half-sisters (see Matter of Shannon J. v Aaron P., 111 AD3d 829, 831). In any event, the child will continue to have ample contact with her half-sisters during parental access time with the father.
Additionally, the Family Court properly declined to accord the recommendation of the forensic evaluator significant weight, as the recommendation was not supported by the record (see Matter of Nieves v Nieves, 176 AD3d 824, 826; Matter of Connolly v Walsh, 126 AD3d 691, 694).
The father's remaining contentions are without merit.
DILLON, J.P., CHRISTOPHER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court