Matter of Acevedo v Cassidy (2025 NY Slip Op 01214)

Matter of Acevedo v Cassidy

2025 NY Slip Op 01214

Decided on March 5, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 5, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2023-05656
 (Docket No. V-3281-19)

[*1]In the Matter of Edwin Acevedo, respondent,
v
Mairead Cassidy, appellant.

Marion C. Perry, New York, NY, for appellant.
The Law Office of Mark I. Plaine, P.C., Forest Hills, NY, for respondent.
Barbara J. Caravello, Jamaica, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Mildred T. Negron, J.), dated June 9, 2023. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child, denied the mother's petition for sole legal and physical custody of the parties' child, and awarded the mother only certain parental access.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother, who are married, are the parents of a child born in 2014. The child has certain developmental delays and was provided an individualized education plan, which included therapy and counseling at school. In February 2019, the mother and the father separately filed petitions seeking sole legal and physical custody of the child. After a hearing, the Family Court granted the father's petition, denied the mother's petition, and awarded the mother certain parental access. The mother appeals.
Initially, where the mother did not request a forensic evaluation and, in fact, opposed the application of the attorney for the child for such an evaluation, her contention that the Family Court should have ordered a forensic evaluation is unpreserved for appellate review (see Matter of Goundan v Goundan, 210 AD3d 1087, 1088-1089). Moreover, the record does not show that a forensic evaluation was necessary to enable the court to reach its determination (see Matter of Samuel v Sowers, 162 AD3d 674, 675).
"'The paramount consideration in any custody dispute is the best interests of the child'" (Matter of Pacheco v Maldonado, 221 AD3d 822, 822, quoting Matter of Khan v Potdar, 185 AD3d 822, 822-823). "The determination of the child's best interests is to be made based on all the relevant circumstances" (Matter of Chung v Toppin, 209 AD3d 647, 648 [internal quotation marks omitted]; see Matter of Cassissa v Solares, 176 AD3d 697, 698). "In determining the child's best interests, the court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall [*2]well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Rosenstock v Rosenstock, 162 AD3d 702, 703, quoting Matter of Supangkat v Torres, 101 AD3d 889, 890). "'Moreover, if domestic violence is proved, the court must consider its effects on the child'" (Matter of Huaringa v Camargo, 138 AD3d 993, 993, quoting Matter of Howard E.I. v Sandra I., 108 AD3d 715, 716 [internal quotation marks omitted]; see Domestic Relations Law § 240[1]). "Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049; see Goikhman v Biton, 183 AD3d 704, 705).
Contrary to the mother's contentions, the Family Court's determination that it was in the best interests of the child for the father to be awarded sole legal and physical custody of the child is supported by a sound and substantial basis in the record (see Matter of Chung v Toppin, 209 AD3d at 648; Matter of Cassissa v Solares, 176 AD3d at 698). Accepting the court's credibility determinations, the evidence at the hearing established that the father was better suited to promote stability in the child's life, as the father is steadily employed with a predictable schedule and lives in a home close to the child's school, while the mother is unable to provide for the child's overall well-being, has moved multiple times during the pendency of the litigation, and her current living situation involves a significant commute to the child's school. Further, the record shows that the father is the parent more likely to provide the other parent with information regarding the child's educational development and academic progress, and is more likely to foster the other parent's relationship with the child (see Matter of Merchan v Hoyos, 199 AD3d 919, 919).
Additionally, the Family Court did not fail to give proper consideration to the parties' history of domestic violence. Rather, the court found that both parents had engaged in acts of domestic violence in the presence of the child and, therefore, this factor did not favor either of the parents (see Matter of Scott v Thompson, 166 AD3d 627, 629; Matter of Saunders v Stull, 133 AD3d 1383, 1383).
Contrary to the mother's contention, the parental access schedule did not deprive her of meaningful access time with the child during the summer months (contra Matter of Felty v Felty, 108 AD3d 705, 708-709).
Accordingly, the Family Court properly granted the father's petition for sole legal and physical custody of the child and denied the mother's petition for sole legal and physical custody of the child.
IANNACCI, J.P., FORD, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court