Matter of Steward v Okon (2025 NY Slip Op 03073)

Matter of Steward v Okon

2025 NY Slip Op 03073

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
DEBORAH A. DOWLING
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2023-10711
 (Docket Nos. V-20570-19, V-23115-19)

[*1]In the Matter of Richard Steward, respondent, 
v
Glory Okon, appellant. (Proceeding No. 1.)
In the Matter of Glory Okon, appellant,Richard Steward, respondent. (Proceeding No. 2.)

Mark Diamond, Pound Ridge, NY, for appellant.
Joan Iacono, Scarsdale, NY, for respondent.
Steven P. Forbes, Huntington, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Connie Gonzalez, J.), dated October 31, 2023. The order, insofar as appealed from, after a hearing, awarded the father sole legal and physical custody of the child, denied the mother's petition for sole legal and physical custody of the child, and awarded certain parental access to the mother.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The mother and the father are the parents of one child, born in New York in 2016. The child lived with both parents in New York from April 2016 until January 2017, at which time the father left the mother and the child to live first in Maryland, then in Georgia, and then in Colorado. In October 2019, the father filed a petition for parental access. In November 2019, the mother filed a petition for sole legal and physical custody of the child. In August 2022, while the proceeding was pending, the mother sent the child to live with the father in Colorado. In an order dated October 31, 2023, after a hearing, the Family Court, inter alia, upon its finding that it was in the child's best interests to award the father sole legal and physical custody, awarded the father sole legal and physical custody of the child, denied the mother's petition for sole legal and physical custody of the child, and awarded certain parental access to the mother. The mother appeals.
Contrary to the mother's contention, the Family Court had the authority to award sole legal and physical custody of the child to the father despite the absence of a petition definitively seeking that relief. The father clearly testified at the hearing that he was seeking sole legal and physical custody of the child, which was evidently understood by the mother's counsel. Thus, the mother had sufficient notice that both legal and physical custody of the child were at issue (see [*2]Matter of Jillian EE. v Kane FF., 165 AD3d 1407, 1408; Matter of Vanita UU. v Mahender VV., 130 AD3d 1161, 1163; cf. Matter of Hirtz v Hirtz, 108 AD3d 712, 714-715).
Turning to the merits, "[t]he court's paramount concern in any custody dispute is to determine, under the totality of the circumstances, what is in the best interests of the child" (Matter of Merchan v Hoyos, 199 AD3d 919, 920; see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Beale v Patterson, 236 AD3d 900, 901). "In determining an initial petition for child custody, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Matter of Merchan v Hoyos, 199 AD3d at 920 [internal quotation marks omitted]; see Matter of Guzman v Nollah, 224 AD3d 902, 903). "A Family Court's credibility findings after a hearing on the issue of custody 'will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record'" (Matter of Clarke v Clarke, 222 AD3d 751, 752, quoting Matter of McFarlane v Jones, 193 AD3d 936, 936; see Matter of Merchan v Hoyos, 199 AD3d at 920). "Where allegations of domestic violence are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child" (Matter of Cassissa v Solares, 176 AD3d 697, 698 [internal quotation marks omitted]; see Matter of Ravello v Ravello, 187 AD3d 1021, 1022).
Here, the Family Court's determination that an award of sole legal and physical custody of the child to the father was in the child's best interests has a sound and substantial basis in the record. Accepting the court's credibility determinations, the evidence presented at the hearing showed, among other things, that the father was better suited to promote stability in the child's life than the mother and that the father was the parent most likely to foster the other parent's relationship with the child (see Matter of Clarke v Clarke, 222 AD3d at 752; Matter of Merchan v Hoyos, 199 AD3d at 921). Contrary to the mother's contention, the court did not fail to give proper consideration to the alleged incidents of domestic violence (see Matter of Devine v Dominguez, 210 AD3d 768, 769; Matter of Murray v Daves, 195 AD3d 1028, 1029).
The mother's further contention that the Family Court erred in failing to order a forensic evaluation is unpreserved for appellate review, and, in any event, without merit (see Matter of Pacheco v Maldonado, 221 AD3d 822, 823-824). The record does not indicate that a forensic evaluation was necessary to enable the court to reach its determination (see id.; Matter of Quinones v Quinones, 139 AD3d 1072, 1074).
Furthermore, the Family Court providently exercised its discretion in crafting the parental access schedule, which is supported by a sound and substantial basis in the record (see Matter of Vidal v Taneja, 218 AD3d 594, 596; Matter of Krubally v Jobe, 161 AD3d 1076, 1077).
GENOVESI, J.P., DOWLING, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court