Matter of Abraham v Banaszek (2025 NY Slip Op 05518)

Matter of Abraham v Banaszek

2025 NY Slip Op 05518

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2022-06732
2022-06733
2022-06734
2022-06735
 (Docket Nos. V-9271-18/20B, V-3457-19)

[*1]In the Matter of Jessey Ann Abraham, respondent,
v
Maurycy Banaszek, appellant. (Proceeding No. 1.)
In the Matter of Maurycy Banaszek, appellant,Jessey Ann Abraham, respondent. (Proceeding No. 2.)

Rhonda R. Weir, Brooklyn, NY, for appellant.
Jessey Abraham, named herein as Jessey Ann Abraham, New Hyde Park, NY, respondent pro se.
Leslie S. Lowenstein, Woodmere, NY, attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from (1) a decision of the Family Court, Nassau County (Eileen C. Daly-Sapraicone, J.), dated July 14, 2022, made after a hearing, (2) an order of custody and parenting time of the same court also dated July 14, 2022, (3) an order of the same court also dated July 14, 2022, and (4) an order of dismissal of the same court also dated July 14, 2022. The order of custody and parenting time, upon the decision, granted the mother's petition for sole legal and physical custody of the parties' child with certain parental access to the father. The order, upon the decision, denied the father's petition to enforce the parental access provisions of an order of the same court dated October 10, 2019. The order of dismissal, upon the decision, denied the father's petition for sole legal and residential custody of the child.
ORDERED that the appeal from the decision is dismissed, without costs or disbursements, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509); and it is further,
ORDERED that the order dated July 14, 2022, the order of custody and parenting time, and the order of dismissal are affirmed, without costs or disbursements.
The parties are married to each other and are the parents of one child, who was born in 2017. The mother filed a petition for sole legal and physical custody of the child, and the father filed separate petitions for sole legal and physical custody of the child and to enforce the parental [*2]access provisions of an order dated October 10, 2019. After a hearing, the Family Court granted the mother's petition and awarded the mother sole legal and physical custody of the child with certain parental access to the father, and denied the father's petitions. The father appeals.
"The paramount concern in matters of custody and parental access is the best interests of the child under the totality of the circumstances" (Matter of Romero-Flores v Hernandez, 214 AD3d 882, 882). "In determining the child's best interests, the court must consider, among other things, '(1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires'" (Matter of Soto v Marrero, 214 AD3d 814, 815, quoting Matter of Brisard v Brisard, 211 AD3d 838, 838). "'[I]f domestic violence is proved, the court must consider its effects on the child'" (Matter of Huaringa v Camargo, 138 AD3d 993, 993 [internal quotation marks omitted], quoting Matter of Howard E.I. v Sandra I., 108 AD3d 715, 716; see Domestic Relations Law § 240[1]). "'[T]he existence or absence of any one factor,' however, is not 'determinative,' since custody and parental access determinations must be made based on the 'totality of the circumstances'" (Matter of Haase v Jones, 230 AD3d 774, 777, quoting Matter of Sajid v Berrios-Sajid, 73 AD3d 1186, 1187).
"Inasmuch as a court's custody determination is dependent in large part upon its assessment of the witnesses' credibility and upon the character, temperament, and sincerity of the parents, the court's custody determination will not be disturbed if supported by a sound and substantial basis in the record" (Matter of Turcios v Cordero, 173 AD3d 1048, 1049).
Here, the Family Court's determination awarding the mother sole legal and physical custody of the child is supported by a sound and substantial basis in the record. The evidence presented at the hearing demonstrated, among other things, that the mother was better suited to promote stability in the child's life and provide for the child's overall well-being (see Matter of Clarke v Clarke, 222 AD3d 751, 752; Matter of McFarlane v Jones, 193 AD3d 936, 937).
Although the Family Court improvidently exercised its discretion in admitting into evidence a chart prepared by the mother which documented the father's missed parental access, admission of the chart was harmless, as there is a sound and substantial basis in the record for the court's determination without consideration of the chart (see Matter of Tercjak v Tercjak, 49 AD3d 772, 773).
The father's remaining contentions concerning the Family Court's custody determination are without merit. The father failed to establish the court erred in denying his enforcement petition. Accordingly, we affirm the orders.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court