Matter of Toppins v Gibbs (2025 NY Slip Op 06328)

Matter of Toppins v Gibbs

2025 NY Slip Op 06328

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
LOURDES M. VENTURA, JJ.

2023-05645
 (Docket Nos. V-15257-17, V-32375-18)

[*1]In the Matter of Sulaiman Toppins, respondent, 
v
Jasmine Gibbs, appellant. (Proceeding No. 1.)
In the Matter of Jasmine Gibbs, appellant,Sulaiman Toppins, respondent. (Proceeding No. 2.)

Catherine S. Bridges, Staten Island, NY, for appellant.
Leighton M. Jackson, New York, NY, for respondent.
Twyla Carter, New York, NY (Dawne A. Mitchell and Diana Pazar of counsel), attorney for the child.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Kings County (Edward W. Yuskevich, Ct. Atty. Ref.), dated May 25, 2023. The order, after a hearing, granted the father's petition for sole legal and physical custody of the parties' child, denied the mother's petition for sole legal and physical custody of the child, and awarded the mother certain parental access.
ORDERED that the order is affirmed, without costs or disbursements.
The father and the mother, who were never married to each other, are the parents of one child, born in 2009. In June 2017, the father commenced a proceeding seeking sole legal and physical custody of the child, and in December 2018, the mother commenced a separate proceeding also seeking sole legal and physical custody of the child. In an order dated May 25, 2023, after a hearing, the Family Court granted the father's petition, denied the mother's petition, and awarded the mother certain parental access. The mother appeals.
"The paramount consideration in any custody dispute is the best interests of the child" (Matter of Pacheco v Maldonado, 221 AD3d 822, 822 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d 167, 171). "The determination of the child's best interests is to be made based on all the relevant circumstances" (Matter of Chung v Toppin, 209 AD3d 647, 648 [internal quotation marks omitted]). "In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires" (Rosenstock v [*2]Rosenstock, 162 AD3d 702, 703 [internal quotation marks omitted]; see Eschbach v Eschbach, 56 NY2d at 172-173). "Since the Family Court's determination with respect to custody and parental access depends to a great extent upon its assessment of the credibility of the witnesses and upon the character, temperament, and sincerity of the parties, its findings are generally accorded great deference and will not be disturbed unless they lack a sound and substantial basis in the record" (Matter of Bristow v Patrice, 221 AD3d 684, 685).
Contrary to the mother's contention, the Family Court's determination that an award of sole legal and physical custody to the father was in the child's best interests has a sound and substantial basis in the record. The record established that the child had lived with the father for approximately six years in a stable home with the paternal grandparents, where the father had served as the primary caregiver, provided the child with a separate bedroom and consistent day-to-day structure, met the child's educational, medical, and dental needs, and facilitated regular contact between the child and the mother (see Matter of Martinez v Toole, 239 AD3d 855, 857; Matter of Paisley v Moonsammy, 213 AD3d 941, 942).
The mother's contention that the Family Court erred in failing to conduct an in camera interview with the child is unpreserved for appellate review (see Matter of Gleason v Ireland, 240 AD3d 494, 496; Matter of Pacheco v Maldonado, 221 AD3d at 823-824). In any event, the mother's contention is without merit. The decision to conduct an in camera interview with a child involved in a custody proceeding is a matter committed to the sound discretion of the Family Court (see Matter of Gleason v Ireland, 240 AD3d at 496; Matter of Pacheco v Maldonado, 221 AD3d at 823). Where, as here, the child's relationship and preferences regarding each parent were made known through a forensic evaluation, and neither the parties nor the child's attorney requested an in camera interview, the court's determination not to conduct such an interview was a provident exercise of discretion (see generally Matter of Gleason v Ireland, 240 AD3d at 496; Matter of Pacheco v Maldonado, 221 AD3d at 824).
Accordingly, the Family Court properly granted the father's petition for sole legal and physical custody of the child and denied the mother's petition for sole legal and physical custody of the child.
CONNOLLY, J.P., BRATHWAITE NELSON, WARHIT and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court