Matter of Volcy-Thelisma v Nwabunor

2026 NY Slip Op 02411

April 22, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Magulina Volcy-Thelisma, respondent,

v

Ogorchukwuka Richard Nwabunor, appellant.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 22, 2026

2024-04256, (Docket Nos. V-15337-22, V-17357-22)

Colleen D. Duffy, J.P.

Deborah A. Dowling

Janice A. Taylor

Laurence L. Love, JJ.

Helma J. Hermans, Islip, NY, for appellant.

Beth A. Rosenthal, Deer Park, NY, for respondent.

[*1]

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Suffolk County (Cheryl M. Helfer, Ct. Atty. Ref.), dated May 15, 2024. The order, insofar as appealed from, after a hearing, granted the mother's petition for sole legal and physical custody of the parties' child and denied the father's petition, in effect, for joint physical custody of the child.

ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.

The mother and the father, who were never married, are the parents of one child, born in 2022. In October 2022, the mother filed a petition for sole legal and physical custody of the child. In December 2022, the father filed a petition, in effect, for joint physical custody of the child. In an order dated May 15, 2024, the Family Court, after a hearing, inter alia, granted the mother's petition and denied the father's petition. The father appeals.

In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Bell v Pierre, 239 AD3d 973, 974). In determining the child's best interests, the court must consider, among other things, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, provide for the child's overall well being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires (see Matter of Watson v Miller, 238 AD3d 883, 884; Matter of Mendoza v Riera, 232 AD3d 616, 618). The existence or absence of any one factor, however, is not determinative, since custody and parental access determinations must be made based on the totality of the circumstances (see Matter of Beale v Patterson, 236 AD3d 900, 901-902; Matter of Haase v Jones, 230 AD3d 774, 777). A Family Court's credibility findings after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Steward v Okon, 238 AD3d 1055, 1057; Matter of Clarke v Clarke, 222 AD3d 751, 752).

Joint custody of a child is inappropriate where the parties are antagonistic toward each [*2]other and have demonstrated an inability to cooperate on matters concerning the child (see Matter of Sookchan v Sookchan, 234 AD3d 779, 781; Matter of Shields v Shields, 192 AD3d 691, 692).

Here, contrary to the father's contention, the Family Court's conclusion that joint physical custody was not appropriate under the circumstances has a sound and substantial basis in the record (see Matter of Shields v Shields, 192 AD3d at 692; Matter of Laura A.K. v Timothy M., 204 AD2d 325, 326). Further, the court's determination awarding the mother sole legal and physical custody of the child is supported by a sound and substantial basis in the record. The evidence presented at the hearing demonstrated, among other things, that the mother was more likely to promote stability in the child's life and provide for his overall well-being, as well as more likely to foster the child's relationship with the noncustodial parent (see Matter of Smisek v DeSantis, 239 AD3d 867, 870; Matter of Paisley v Moonsammy, 213 AD3d 941, 941-942).

The father's contention that the Family Court should have appointed an attorney for the child is unpreserved for appellate review. In any event, under the circumstances of this case, including the young age of the child and the absence of demonstrable prejudice to the child's interests, the court providently exercised its discretion in not appointing an attorney for the child (see Matter of Quinones v Quinones, 139 AD3d 1072, 1074).

The father's remaining contentions are either unpreserved for appellate review or without merit.

DUFFY, J.P., DOWLING, TAYLOR and LOVE, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court