Matter of Ibarra v Galceran
2026 NY Slip Op 03802
June 17, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of Paul Ibarra, appellant,
v
Rosa Galceran, respondent. (Proceeding No. 1)
In the Matter of Rosa Galceran, respondent,
Paul Ibarra, appellant. (Proceeding No. 2)

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on June 17, 2026
2025-03012, (Docket Nos. V-3761-21, V-5203-21)
Betsy Barros, J.P.
Paul Wooten
Deborah A. Dowling
Carl J. Landicino, JJ.

Brian D. Perskin & Associates, P.C., Brooklyn, NY, for appellant.
Jill M. Zuccardy, New York, NY, for respondent.
Liberty Aldrich, Brooklyn, NY (Leah Edmunds and Janet Neustaetter of counsel), attorney for the child.

[*1]
DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Raymi V. Ramseur-Usher, J.), dated February 14, 2025. The order, after a hearing, granted the mother's petition for sole legal and residential custody of the parties' child and for permission to relocate with the child to Texas, in effect, denied the father's petition for joint legal and residential custody of the child, and awarded certain parental access to the father.
ORDERED that the order is affirmed, without costs or disbursements.
The parties, who were never married, have one child together, born in 2019. The parties separated in 2021 after the mother relocated with the child to Texas. The mother alleged that she relocated due to domestic violence perpetrated against her by the father. The father thereafter filed a petition for joint legal and residential custody of the child. The mother filed a petition for sole legal and residential custody of the child and for permission to relocate with the child to Texas. After a hearing, in an order dated February 14, 2025, the Family Court granted the mother's petition, in effect, denied the father's petition, and awarded certain parental access to the father. The father appeals.
In any child custody dispute, the court's paramount concern is to determine, under the totality of the circumstances, what is in the best interests of the child (see Eschbach v Eschbach, 56 NY2d 167, 171; Matter of Volcy-Thelisma v Nwabunor, ___ AD3d ___, ___, 2026 NY Slip Op 02411, *1). In determining the child's best interests, the court must consider, inter alia, (1) which alternative will best promote stability; (2) the available home environments; (3) the past performance of each parent; (4) each parent's relative fitness, including his or her ability to guide the child, [*2]provide for the child's overall well-being, and foster the child's relationship with the noncustodial parent; and (5) the child's desires (see Matter of Volcy-Thelisma v Nwabunor, ___ AD3d at ___, 2026 NY Slip Op 02411, *1; Matter of Watson v Miller, 238 AD3d 883, 884). The existence or absence of any one factor, however, is not determinative, since custody and parental access determinations must be made based on the totality of the circumstances (see Matter of Volcy-Thelisma v Nwabunor, ___ AD3d at ___, 2026 NY Slip Op 02411, *1; Matter of Beale v Patterson, 236 AD3d 900, 901-902). Where allegations of domestic violence are proven by a preponderance of the evidence, the court must consider the effect of such domestic violence upon the best interests of the child (see Matter of Steward v Okon, 238 AD3d 1055, 1058; Matter of Cassissa v Solares, 176 AD3d 697, 698). In addition, in the context of an initial custody determination, a proposed relocation is one factor for the court to consider in determining what is in the child's best interests (see Matter of Goodman v Jones, 146 AD3d 884, 885; Matter of Wright v Stewart, 131 AD3d 1256, 1257). A Family Court's credibility findings after a hearing on the issue of custody will be accorded great weight on appeal, and its determinations regarding custody and parental access will not be disturbed unless they lack a sound and substantial basis in the record (see Matter of Volcy-Thelisma v Nwabunor, ___ AD3d at ___, 2026 NY Slip Op 02411, *1; Matter of Steward v Okon, 238 AD3d at 1058).
Here, there was a sound and substantial basis in the record for the Family Court's determination that the child's best interests would be served by awarding the mother sole legal and residential custody. While the mother unilaterally relocated to Texas, the mother credibly testified that she did so due to ongoing domestic violence perpetrated against her by the father (see Matter of Hernandez v Viana, 213 AD3d 934, 936; Lavery v O'Sullivan, 205 AD3d 1013, 1015). Further, as the mother and the attorney for the child contend, the evidence presented at the hearing demonstrated that the mother was more likely to promote stability in the child's life and to foster a relationship with the noncustodial parent (see Matter of Volcy-Thelisma v Nwabunor, ___ AD3d at ___, 2026 NY Slip Op 02411, *1).
Accordingly, the Family Court properly granted the mother's petition for sole legal and residential custody of the child and for permission to relocate with the child to Texas, and, in effect, denied the father's petition for joint legal and residential custody of the child.
BARROS, J.P., WOOTEN, DOWLING and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court